```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF VIRGINIA

                       Alexandria Division


PATRICK MANSFIELD, M.D.,        )
                                )
     Plaintiff,                 )
                                )
          v.                    )      1:07cv941 (JCC)
                                )
ANESTHESIA ASSOCIATES, LTD.,    )
et al.,                         )
                                )
     Defendants.                )
```

## **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Plaintiff Patrick Mansfield, M.D.'s Objection to Removal and Motion to Remand this action against Defendants Anesthesia Associates, Ltd., Inova Alexandria Hospital, Chad F. Hanes, M.D., David A. Spencer, M.D., Reed S. Underwood, M.D., Robert D. Zurowski, M.D., and Kenneth Kozloff to the Circuit Court for the City of Alexandria, Virginia.  For the following reasons, the Court will deny Plaintiff's Objection and Motion.

### **I. Background**

Plaintiff Patrick Mansfield, M.D. ("Plaintiff") is a sixty-five (65) year old African-American physician and Board certified anesthesiologist who has practiced medicine in Virginia for more than twenty-five (25) years.  For much of that time, Plaintiff was an employee and shareholder of Defendant Anesthesia

Associates, Ltd., ("Anesthesia Associates") and worked for them in the Anesthesia Department of Defendant Inova Alexandria Hospital ("Inova").  On June 17, 2005, Dr. Reed Underwood ("Dr. Underwood"), Chairman of Anesthesia Associates, informed Plaintiff that he had received a complaint from Inova that Plaintiff had sexually harassed one of Inova's employees.  Plaintiff was never made aware of the identify of this employee, nor was he ever provided any details regarding the alleged harassment.

On July 5, 2005, Plaintiff met with Defendants Dr. Chad Hanes ("Dr. Hanes"), Dr. David Spencer ("Dr. Spencer"), President of Anesthesia Associates, Dr. Underwood, and Dr. Robert Zurowski ("Dr. Zurowski").  At that meeting, Plaintiff was given a copy of a letter, dated July 1, 2005, from Defendant Kenneth Kozloff ("Mr. Kozloff"), the Inova Hospital Administrator, to Dr. Underwood.  The letter claimed that Plaintiff had been accused of sexual harassment by an employee of Inova, that the charges had been investigated, and that Inova had concluded that Plaintiff posed a threat to the safety and security of Inova staff.  After being presented with this letter, Plaintiff was asked to resign from his position with Anesthesia Associates and to surrender all of his rights as an employee and shareholder.  Plaintiff refused, and in a letter from Dr. Spencer dated September 3, 2005,

Plaintiff was notified that he had been terminated without cause, effective September 2, 2005.

On August 22, 2007, Plaintiff filed a Complaint in the Circuit Court for the City of Alexandria against Anesthesia Associates, Inova, Dr. Hanes, Dr. Spencer, Dr. Underwood, Dr. Zurowski, and Mr. Kozloff seeking compensatory and punitive damages for violation of 42 U.S.C. § 1981 and Va. Code § 18.2-500, breach of contract, and tortious interference with contract. On September 17, 2007, Inova filed a demurrer in the Circuit Court for the City of Alexandria. That same day, Anesthesia Associates and Dr. Hanes, Dr. Underwood, and Dr. Zurowski timely filed a Notice of Removal of Civil Action with this Court and the Alexandria Circuit Court, effectively removing the case to this Court.[1]  On October 12, 2007, Plaintiff filed his Objection to Removal and Motion to Remand.  This matter is currently before the Court.

## II. Analysis

In his Objection to Removal and Motion to Remand, Plaintiff argues that this lawsuit should be remanded to state court because Inova did not consent to removal, a violation of the "unanimity rule" requiring all defendants to consent before a case is removed from state court to federal court.  Plaintiff

---

[1] Defendants Anesthesia Associates, Dr. Hanes, Dr. Underwood, Dr. Zurowski, and Inova asserted at oral argument on December 14, 2007, that, to their knowledge, Defendants Dr. Spencer and Mr. Kozloff have not filed anything in state or federal court with respect to this lawsuit, and have not done so because they have not yet been served with the Complaint by Plaintiff.

points to Inova's decision to file a demurrer in state court as evidence that Inova not only failed to consent to removal but actually waived its right to do so.  Pl.'s Mem. at 3-4. Defendants Anesthesia Associates, Dr. Hanes, Dr. Underwood, and Dr. Zurowski argue in opposition that: (1) filing a demurrer does not waive a defendant's right to remove; (2) Inova was not required to consent to removal; and (3) Inova did in fact consent to removal.  Defs.' Opp'n at 3-6.  Inova filed a separate opposition asserting similar arguments.  *See* Def. Inova's Opp'n at 2-6.

Under 28 U.S.C. § 1446(a), "[a] defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal."  28 U.S.C. § 1446(a).  Generally, all defendants must unanimously join or consent to removal and do so within thirty (30) days of being served with the initial pleadings.  28 U.S.C. § 1446(b); *Unicom Systems, Inc. v. National Louis University*, 262 F. Supp. 2d 638, 640 (E.D. Va. 2003).  This "rule of unanimity," however, does not require each defendant to sign the same removal notice; instead, each defendant need only "file a notice of removal, either independently or by unambiguously joining in or consenting to another defendant's notice, within the 30-day period."  *Unicom*, 262 F. Supp. 2d at 641 (citing *Creekmore v. Food Lion, Inc.*, 797 F. Supp. 505, 508

(E.D. Va. 1992)).  The failure of all defendants to comply with the rule of unanimity qualifies as a defect in the removal process that can form the basis of a motion to remand under 28 U.S.C. § 1447(c).  *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 203 (4th Cir. 2006).

        The core of Plaintiff's argument is that Inova, by filing a demurrer in state court, waived its right to remove the case to federal court.  A defendant may waive its right to remove by taking "some such substantial defensive action in the state court *before* petitioning for removal."  *Aqualon Co. v. Mac Equipment, Inc.*, 149 F.3d 262, 264 (4th Cir. 1998).  A waiver, however, must be "clear and unequivocal" and will only be found in "extreme situations."  *Grubb v. Donegal Mut. Ins. Co.*, 935 F.2d 57, 59 (4th Cir. 1991).  Federal District Courts in Virginia have found that the act of simply filing a demurrer in state court does not amount to a waiver of the right to remove.  *See Sayre Enterprises, Inc. v. Allstate Ins. Co.*, 448 F. Supp. 2d 733, 736 (W.D. Va. 2006)("[T]he mere filing of a demurrer should not foreclose the possibility of removing a case to federal court."); *Krasnow v. Texaco, Inc.* 773 F. Supp. 806, 809 (E.D. Va. 1991)(drawing a distinction between the right to remove after the mere filing of a demurrer and the right to remove after the state court has rendered its decision on a demurrer); *see also Baldwin v. Perdue*, 451 F. Supp. 373, 374-75 (E.D. Va. 1978)(finding that

filing responsive pleadings in state court did not block removal to federal court).

Here, Inova filed a Demurrer on the same day that several other Defendants filed a Notice of Removal.  Inova took no other action to advance its case in state court, and the Circuit Court of Alexandria has not yet reached a final decision on Inova's Demurrer.  The rule permitting waiver of the right to remove is grounded in the concern that a defendant will remove a case to federal court "after a final and unfavorable determination had been made on the merits of the case in state court."  *Sayre*, 448 F. Supp. 2d at 735.  Where, as here, a defendant "has not taken substantial action in state court and a state court has not reached a final determination on the merits of the case," this concern is not implicated.  *Id.*  Thus, the Court finds that Inova did not waive its right to remove by merely filing a Demurrer in the Circuit Court for the City of Alexandria.

Defendants also argue that Plaintiff's Objection and Motion should be denied because Inova was not required to consent to removal.  The general rule that all defendants must join or otherwise consent to the removal notice is excepted when the removed claim is "independent of one or more nonremovable claims against the non-joining defendants."  *Unicom*, 262 F. Supp. 2d at 641 n.3; *see also Henry v. Independent American Sav. Ass'n*, 857 F.2d 995, 999 (5th Cir. 1988)("[I]f one defendant's removal

petition is premised on removable claims 'separate and independent' from the claims brought against other defendants, consent of the other defendants is not required."). As to what constitutes a "separate and independent claim," the United States Supreme Court has held that multiple claims arising out of "a single wrong to the plaintiff" and "from an interlocked series of transactions," are not separate and independent. *American Fire & Casualty Co. v. Finn*, 341 U.S. 6, 14 (1951). Likewise, if a court has supplemental jurisdiction over a state law claim under 28 U.S.C. § 1367(a) because that claim shares a "common nucleus of operative fact" with the removable federal claim, those claims are not separate and independent. *Lanford v. Prince George's County*, 175 F. Supp. 2d 797, 802 (D. Md. 2001). Supplemental jurisdiction will not exist – and claims will thus be separate and independent – where the state law claim is "separately mantainable and determinable without any reference to the facts alleged or contentions stated in or with regard to the [federal] count." *White v. County of Newberry, S.C.*, 985 F.2d 168, 171 (4th Cir. 1993)(internal quotations omitted).

  Defendants contend that because Plaintiff's only federal claim – under 42 U.S.C. § 1981 – was not brought against Inova, and because the state law claims that were brought against Inova are separate and independent from the removable federal claim, Inova's consent to removal was not required. *See* Defs.' Opp'n at 4-5; Def. Inova's Opp'n at 4-5. Plaintiff argues that

all of the claims, including the removable 42 U.S.C. § 1981 claim, were brought against all Defendants.  The Complaint, though not a model of clarity, does plainly state that Plaintiff was terminated by Anesthesia Associates and that Anesthesia Associates committed the alleged violation of Plaintiff's federal civil rights.  *See* Pl.'s Compl. at ¶¶ 4, 8-15.  Assuming, then, that Defendants correctly argue that the 42 U.S.C. § 1981 claim was not brought against Inova, the Court is also persuaded by Defendants' assertion that the federal claim and state claims are separate and independent.  In alleging business conspiracy and tortious interference claims against Inova, Plaintiff states that Inova interfered with Plaintiff's contract with Anesthesia Associates and conspired with the other Defendants to remove Plaintiff from the hospital staff.  Pl.'s Compl. at ¶¶ 17-19, 22.  Yet in the section of the Complaint entitled "Facts Establishing Claims," Plaintiff describes two separate sets of factual events: (1) the sexual harassment allegation against Plaintiff, the subsequent investigation by Inova, and the letter from Mr. Kozloff to Anesthesia Associates on the one hand; and (2) the actions taken by Anesthesia Associates and its shareholders with respect to Plaintiff's termination on the other.  *Id.* at ¶¶ 1-13.  The decision to terminate Plaintiff, and the manner in which it was handled – the basis for Plaintiff's 42 U.S.C. § 1981 claim – constitute a set of facts separate from any alleged action taken by Inova and, therefore, any claims asserted against Inova.

The Court, however, need not definitively resolve the question of whether Inova was required to consent, because it finds that Inova in fact gave the requisite consent.  As mentioned above, the "rule of unanimity" does not require each defendant to sign the same removal notice; it simply requires that each defendant join in or consent to another defendant's notice within 30 days of being served with the initial pleadings.  *Unicom*, 262 F. Supp. 2d at 641.  To show their consent a defendant must "affirmatively and unambiguously assert their desire to remove the case to federal court," and this assertion must be done "individually, or through their counsel . . . before the court."  *Creekmore*, 797 F. Supp. at 509.

In this case, Inova affirmatively and unambiguously consented to the removal of Plaintiff's lawsuit to this Court. On September 26, 2007, Inova filed a Notice and a Financial Interest Disclosure Statement with this Court.  In the Notice, Inova asked the Court to take notice of and lodge with the Court the Demurrer it filed in the Circuit Court for the City of Alexandria on September 17, 2007, and further asked the Court to note the appearance of Inova's counsel on its behalf.  *See* Def. Inova's Notice at 1.  Additionally, in the Financial Interest and Disclosure Statement, Inova provided certain information to the judges and magistrate judges of this Court so that they could "evaluate possible disqualifications or recusal."  Def. Inova's Financial Interest Disclosure Statement at 1.  Both of these

actions indicate Inova's clear and unequivocal consent to further litigation of this case in this Court.

The only outstanding question, then, is whether Inova expressed its consent to removal within 30 days of being served with the initial pleadings.  Plaintiff filed his Complaint on August 22, 2007.  In their Notice of Removal, Defendants Anesthesia Associates, Dr. Hanes, Dr. Underwood, and Dr. Zurowski claim that they were served with a summons and a copy of the Complaint on August 27, 2007.  *See* Notice of Removal at ¶ 2.  At oral argument on December 14, 2007, Inova averred that they were also served on August 27, 2007.  Plaintiff does not dispute that date.  Thus, accepting August 27, 2007 as the actual date of service, Inova expressed its consent to removal exactly 30 days from the date of service, making its consent timely.  Because Inova consented in a timely fashion, Plaintiff's Objection to Removal and Motion to Remand will be denied.

### IV.  Conclusion

For these reasons, the Court will deny Plaintiff's Objection to Removal and Motion to Remand.

An appropriate Order will issue.

December 18, 2007                        _____/s/_____
Alexandria, Virginia                              James C. Cacheris
                                         UNITED STATES DISTRICT COURT JUDGE