```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE EASTERN DISTRICT OF VIRGINIA

                     Alexandria Division


PATRICK MANSFIELD, M.D.,      )
                              )
    Plaintiff,                )
                              )
       v.                     )      1:07cv941 (JCC)
                              )
ANESTHESIA ASSOCIATES, LTD.,  )
et al.,                       )
                              )
    Defendants.               )
```

## **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendant Inova Alexandria Hospital's Motion to Dismiss Plaintiff Patrick Mansfield, M.D.'s Second Amended Complaint in its entirety as to Inova. For the following reasons, the Court will grant the Motion.

### I. Background

Plaintiff Patrick Mansfield, M.D. ("Plaintiff") is a sixty-five (65) year old African-American physician and Board Certified anesthesiologist who has practiced medicine in Virginia for more than twenty-five (25) years. For much of that time, Plaintiff was an employee and shareholder of Defendant Anesthesia Associates, Ltd. ("Anesthesia Associates"), and worked for them in the Anesthesia Department of Defendant Inova Alexandria Hospital ("Inova"). On June 17, 2005, Dr. Reed S. Underwood

1

("Dr. Underwood"), Chairman of Anesthesia Associates, informed Plaintiff that he had received a complaint from Inova alleging that Plaintiff had sexually harassed one of Inova's employees. Subsequently, two members of Inova's Human Resource Department interviewed Plaintiff and asked him a series of vague questions regarding his relationship with hospital staff, but gave him no further information.  As of the date Plaintiff filed his Second Amended Complaint, he had not been provided any specific information regarding the identity of the complaining employee or the alleged harassment.

On July 5, 2005, Plaintiff met with Defendants Dr. Chad F. Hanes ("Dr. Hanes"), Dr. David A. Spencer ("Dr. Spencer"), President of Anesthesia Associates, Dr. Underwood, and Dr. Robert D. Zurowski ("Dr. Zurowski"), all of whom were employees and shareholders of Anesthesia Associates.  At that meeting, Plaintiff was given a copy of a letter, dated July 1, 2005, from Defendant Kenneth Kozloff ("Mr. Kozloff"), the Inova Hospital Administrator, to Dr. Underwood.  The letter claimed that Plaintiff had been accused of sexual harassment by an employee of Inova, the charges had been investigated, and Inova had concluded that Plaintiff posed a threat to the safety and security of Inova staff.  Plaintiff alleges that Inova had in place at the time procedures to protect Plaintiff's due process rights, but did not allow him to exercise those rights before sending this letter.

Plaintiff was then asked to resign from his position with Anesthesia Associates and to surrender all of his rights as an employee and shareholder. When Plaintiff refused, he was told that he could not return to Inova and was suspended by Anesthesia Associates. Plaintiff was informed on August 3, 2005 that the matter of his termination for cause would be taken up at a meeting with the shareholders on August 23, 2005. Plaintiff did not attend this meeting. In a letter from Dr. Spencer dated September 3, 2005, Plaintiff was notified that he had been terminated without cause, effective September 2, 2005. It is Plaintiff's belief that Anesthesia Associates hired a less qualified, less experienced Caucasian physician to replace him.

On August 22, 2007, Plaintiff filed a Complaint in the Circuit Court for the City of Alexandria against Anesthesia Associates, Inova, Dr. Hanes, Dr. Spencer, Dr. Underwood, Dr. Zurowski, and Mr. Kozloff seeking compensatory and punitive damages for violation of 42 U.S.C. § 1981 and Va. Code §§ 18.2-499 and -500, breach of contract, and tortious interference with contract. On September 17, 2007, Inova filed a demurrer in the Circuit Court for the City of Alexandria. That same day, Anesthesia Associates and Dr. Hanes, Dr. Underwood, and Dr. Zurowski timely filed a Notice of Removal of Civil Action with this Court and the Alexandria Circuit Court, effectively removing the case to this Court. Plaintiff objected to removal and moved

to remand, but this Court denied that objection on December 18, 2007.

On January 8, 2008, Inova filed a Motion to Dismiss Plaintiff's Complaint in its entirety as to Inova. On January 25, 2008, Plaintiff, appearing with new counsel, filed a Request for Leave to Amend Complaint. The Court granted Plaintiff's Request and dismissed Inova's Motion without prejudice on January 31. On February 8, 2008, Plaintiff filed his First Amended Complaint alleging the same claims as the original Complaint while adding a claim for tortious interference with economic opportunities. Six days later Inova moved to dismiss Plaintiff's First Amended Complaint, to which Plaintiff responded by seeking leave to amend his complaint a second time. The Court granted this request and denied Inova's second Motion to Dismiss without prejudice on March 7, 2008. On March 17, 2008, Plaintiff filed his Second Amended Complaint, which is nearly identical to the First Amended Complaint except for several mostly cosmetic changes.[1] Inova then filed the instant Motion to Dismiss Plaintiff's Second Amended Complaint in its entirety as to Inova, specifically seeking the dismissal of the §§ 18.2-499 and -500 claim ("Count I"), the tortious interference with contract claim

---

[1] For example, Plaintiff adds a few words to paragraph 1, the heading to Count I, and paragraph A of the prayer for relief to reflect that the civil cause of action for statutory business conspiracy comes from Va. Code §§ 18.2-499 and 18.2-500, rather than 18.2-500 alone. In addition, Plaintiff removes the word "reputation" from paragraph 36 and adds a few words to paragraph 37 that do not change the nature of his business conspiracy claim.

4

("Count IV"), and the tortious interference with economic opportunities claim ("Count V").  This Motion is currently before the Court.

## II. Standard of Review

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint, *see Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994), and should be denied unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *De Sole v. United States*, 947 F.2d 1169, 1177 (4th Cir. 1991)(citations omitted); *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

In passing on a motion to dismiss, "the material allegations of the complaint are taken as admitted." *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Moreover, "the complaint is to be liberally construed in favor of plaintiff."  *Id.*  In addition, a motion to dismiss must be assessed in light of Rule 8's liberal pleading standards, which require only "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8. However, while Rule 8 does not require "detailed factual allegations," a plaintiff must still provide "more than labels and conclusions, and a formulaic recitation of the elements of a

cause of action will not do." *Bell Atlantic Corp. v. Twombly*, __ U.S. __, 127 S. Ct. 1955, 1964-65 (2007)(citation omitted).

### III. Analysis

Inova moves to dismiss the Second Amended Complaint in its entirety as to Inova on the ground that Plaintiff has failed to state a claim against Inova in Counts I, IV, and V.  The Court will address each Count in turn.

#### A. Count I: Va. Code §§ 18.2-499 and -500

Inova contends that Plaintiff has failed to state a claim against Inova under Va. Code §§ 18.2-499 and -500 for two reasons: (1) Plaintiff alleges injuries to his personal or employment interests, and the statutes only contemplate a cause of action for injury to one's business; and (2) Plaintiff has pled only conclusory allegations of a statutory business conspiracy claim.  Va. Code § 18.2-499 makes it a Class 1 misdemeanor to conspire to "willfully and maliciously injur[e] another in his reputation, trade, business or profession by any means whatever," and Va. Code § 18.2-500 provides civil relief for parties who fall victim to such conduct.  Va. Code §§ 18.2-499 and -500.  To recover in an action for conspiracy to harm a business, a plaintiff must prove: (1) a combination of two or more persons for the purpose of willfully and maliciously injuring the plaintiff in his business; and (2) resulting damage

6

to the plaintiff.  *Allen Realty Corp. v. Holbert*, 318 S.E.2d 592, 596 (Va. 1984).

Federal courts in Virginia have consistently held that the statutes are designed to provide relief against "conspiracies resulting in business-related damages" and that a cause of action exists "only when malicious conduct is directed at one's *business*, not one's *person*."  *Buschi v. Kirven*, 775 F.2d 1240, 1259 (4th Cir. 1985)(citation omitted).  Courts have characterized the "employment relation" as "a personal right as opposed to a business interest" and have consequently placed employment interests outside the reach of Va. Code §§ 18.2-499 and -500.  *Id.; see also Campbell v. Board of Supervisors*, 553 F. Supp. 644, 645 (E.D. Va. 1982)(construing § 18.2-500 "to exclude employment from its scope").  Similarly, an individual's "professional reputation and stock ownership in his own company" have been found to be employment interests that fall outside the scope of the statutes.  *Inman v. Klockner-Pentaplast of Am., Inc.*, 467 F. Supp. 2d 642, 654 (W.D. Va. 2006).[2]

Inova argues that Count I of Plaintiff's Second Amended Complaint seeks damages for injuries to Plaintiff's interest as an employee of Anesthesia Associates but not to any business of Plaintiff's.  Indeed, Plaintiff's Second Amended Complaint

---

[2] In addition to this federal court precedent, the Supreme Court of Virginia has also reached the conclusion that "personal reputation" and "interest in employment" are excluded from the scope of the statutes' coverage.  *Andrews v. Ring*, 585 S.E.2d 780, 784 (Va. 2003).

7

alleges that "Defendants did purposely and maliciously interfere with the Plaintiff's Contract of Employment with Anesthesia Associates, Ltd and that the Plaintiff's loss of contract was the anticipated outcome, if not the expressed purpose of removing him from both the defendant Association and Inova Alexandria Hospital."  Pl.'s Sec. Am. Compl. at ¶ 37.  This language plainly indicates that Plaintiff is seeking recovery under Va. Code §§ 18.2-499 and -500 for injury to his employment relationship with Anesthesia Associates and Inova – not to his business.

Plaintiff attempts to distinguish his case by arguing that his claim is not that he "lost his job" but that "he has lost the ability to pursue his profession," and that injury to one's "profession" is a recoverable injury under the statutes.  Pl.'s Opp'n to Inova's Mot. to Dismiss at 4-5.  But even a liberal construction of the Second Amended Complaint does not change the fact that Plaintiff's claimed injuries are the termination of his employment with Anesthesia Associates and Inova and the potential difficulty he faces in obtaining future employment with another hospital or anesthesiology group.  Such injuries do not fall within the scope of Va. Code §§ 18.2-499 and -500.  *See Buschi*, 775 F.2d at 1259; *Jordan v. Hudson*, 690 F. Supp. 502, 507 (E.D. Va. 1988).  In addition, to the extent Plaintiff is claiming injury to his future ability to start his own business as an anesthesiologist, such a claim does not fall

8

within the scope of the statutes.  *Warner v. Buck Creek Nursery, Inc.*, 149 F. Supp. 2d 246, 267-68 (W.D. Va. 2001).

Even if the Court has improperly construed the phrase "reputation, trade, business or profession," dismissal of Count I is warranted on the ground that Plaintiff has pled only conclusory allegations of a statutory business conspiracy claim. The factual allegations in the Second Amended Complaint pertaining to Inova state that: (1) Inova complained to Anesthesia Associates that Plaintiff had sexually harassed one of Inova's employees; (2) two members of Inova's Human Resources Department asked Plaintiff a series of vague questions about the incident; (3) Mr. Kozloff wrote a letter to Dr. Underwood stating that Plaintiff had been accused of sexual harassment, an investigation had been conducted, and Inova had concluded that Plaintiff posed a threat to the safety and security of hospital staff; and (4) Inova did not permit Plaintiff to exercise procedures designed to protect an accused party's due process rights.  Pl.'s Sec. Am. Compl. at ¶¶ 15, 17, 19.

While Plaintiff makes the conclusory allegation that Inova and Mr. Kozloff "mutually undertook and concerted together with defendant Anesthesia Associates, Ltd. and the remaining individual defendants to willfully and maliciously injure Plaintiff in his reputation, trade, and profession," Pl.'s Sec. Am. Compl. at ¶ 20, nowhere in the Second Amended Complaint are there any facts to support the assertion that there was an

agreement between Inova and Anesthesia Associates reached for the purpose of harming Plaintiff's business. Where a plaintiff "provides no specific factual basis, other than [conclusory allegations] . . . to support its claim for conspiracy to injure [a] business," even the liberal pleading requirements of Rule 8 cannot save the complaint. *Stone Castle Financial, Inc. v. Friedman, Billings, Ramsey & Co, Inc.*, 191 F. Supp. 2d 652, 664 (E.D. Va. 2002); *see also DAG Petroleum Suppliers L.L.C. v. BP P.L.C.*, 452 F. Supp. 2d 641, 650 (E.D. Va. 2006)(granting summary judgment for defendant on a business conspiracy claim where plaintiff offered no evidence of a conspiracy or an intent to injure).

In sum, because Plaintiff has pled only conclusory allegations of a conspiracy to injure Plaintiff's business, and because Plaintiff does not claim the type of injury that is recoverable under Va. Code §§ 18.2-499 and -500, the Court will dismiss Count I as to Inova.

### B. Count IV: Tortious interference with contract

Inova argues that Plaintiff has failed to state a claim against Inova for tortious interference with contract because Plaintiff's allegations do not include facts stating the basic elements of the claim, including the requirement that Inova used "improper methods" to interfere with Plaintiff's contract. To prove a claim of tortious interference with contract, a plaintiff must show: (1) the existence of a valid contractual relationship

or business expectancy; (2) knowledge of the relationship or expectancy; (3) intentional interference inducing or causing a breach or termination of the relationship or expectancy; and (4) damage to the party whose relationship or expectancy has been disrupted. *Perk v. Vector Resources Group, Ltd.*, 485 S.E.2d 140, 143 (Va. 1997); *Duggin v. Adams*, 360 S.E.2d 832, 835 (Va. 1987). If the plaintiff alleges interference with an at-will contract, the plaintiff must also show that the defendant (5) employed improper methods, which include illegal or independently tortious conduct. *Perk*, 485 S.E.2d at 143; *see also Duggin*, 360 S.E.2d at 836 (finding that "violence, threats or intimidation, bribery, unfounded litigation, fraud, misrepresentation or deceit, defamation, duress, undue influence, misuse of insider or confidential information, or breach of a fiduciary relationship" qualify as improper methods). However, improper methods can also include those that "are not themselves tortious or illegal, such as unfair competition or unethical conduct." *Maximus, Inc. v. Lockheed Information Management Systems Co., Inc.*, 493 S.E.2d 375, 379 (Va. 1997).

In this case, Plaintiff had an at-will contract with Anesthesia Associates. *See* Pl.'s Sec. Am. Compl. at ¶¶ 31, 33. Plaintiff alleges that Inova and the shareholders of Anesthesia Associates "intentionally interfered with Plaintiff's valid and enforceable Contract of Employment with defendant Anesthesia Associates, Ltd," in a manner that "caus[ed] the breach of the

relationship or expectancy." *Id.* at ¶ 48.  Even taking this claim to be true, Plaintiff has failed to make even conclusory allegations that Inova employed improper methods to interfere with Plaintiff's at-will contract, much less plead any facts to support such a claim.

Inova also raises the issue of whether Plaintiff has sufficiently pled the other elements of tortious interference with contract, particularly the requirement of intentional interference with a relationship or expectancy in a manner that actually caused its breach or termination.  With respect to the requirement of intentional interference, a plaintiff must show that the alleged tortfeasor acted with the purpose of interfering with the contract or with the knowledge that the interference was certain or substantially certain to occur as a result of its actions.  *Commerce Funding Corp. v. Worldwide Sec. Services Corp.*, 249 F.3d 204, 212-13 (4th Cir. 2001)(citation omitted). According to the Second Amended Complaint, Mr. Kozloff stated in his letter to Dr. Underwood that Plaintiff had been accused of harassing an Inova employee and that Inova had concluded that Plaintiff "posed a threat to the safety and security of the hospital staff."  Pl.'s Sec. Am. Compl. at ¶ 19.  Although the Second Amended Complaint does not allege any specific facts regarding Inova's actual purpose or knowledge, the Court finds that it is plausible to infer from Mr. Kozloff's letter that it

was sent with the knowledge that Plaintiff's termination was substantially certain to occur as a result of Inova's actions.

Regardless of whether Plaintiff has sufficiently pled intentional interference, however, the Court finds that Plaintiff has failed to plead sufficient facts establishing a causal link between Inova's interference and Plaintiff's termination. The only allegation in the Second Amended Complaint in support of the causation element is Plaintiff's conclusory statement in paragraph 48 that Inova and the individual defendants intentionally interfered with Plaintiff's contract, thereby "causing the breach." Pl.'s Sec. Am. Compl. at ¶ 48. But Plaintiff pleads facts that directly contradict this allegation, claiming that Anesthesia Associates fired him "to gain access and control over [his] annual salary of two hundred and fifty dollars [sic] ($250,000)" and to replace him with a less qualified and experienced Caucasian physician. *Id.* at ¶¶ 28-30, 39-40. By making these claims Plaintiff has, if anything, established that the sexual harassment complaint had nothing to do with Anesthesia Associates' decision to terminate Plaintiff. Plaintiff has pled himself out of a tortious interference claim by severing the causal link between Inova's actions and Plaintiff's termination.

In conclusion, because Plaintiff has failed to plead sufficient facts demonstrating either causation or improper methods, the Court will dismiss Count IV of Plaintiff's Second Amended Complaint as to Inova.

### C. Count V: Tortious interference with economic opportunities

Finally, Plaintiff pleads a claim for tortious interference with economic opportunities. Given the allegations that Plaintiff sets forth in Count V, the Court believes that Plaintiff has in fact attempted to plead the tort of tortious interference with prospective economic advantage. Inova contends that Plaintiff has failed to state such a claim against Inova because: (1) Plaintiff has not alleged that Inova used improper methods; and (2) Plaintiff has failed to identify a particular expectancy with which Inova interfered.

The elements of tortious interference with prospective economic advantage are very similar to those of tortious interference with contract. To recover for tortious interference with prospective economic advantage, a plaintiff must:

> (1) demonstrate the existence of a business relationship or expectancy, with a probability of future economic benefit; (2) prove knowledge of the relationship or expectancy; (3) show that it was reasonably certain that absent intentional misconduct, the claimant would have continued in the relationship or realized the expectancy; and (4) show that it suffered damages from the interference.

*Commerce Funding*, 249 F.3d at 213. Additionally, a plaintiff must show that the defendant employed "improper methods." *Id.* at 213-14 (citing *Maximus*, 493 S.E.2d at 378-79 and *Duggin*, 360 S.E.2d at 836). As the Court discussed in Part III.B. of this Opinion, Plaintiff has failed to make even conclusory allegations

14

that Inova employed improper methods, much less plead any facts to support such a claim.

Furthermore, to succeed on this claim a claimant must prove that there is a "particular expectance which [the claimant] is reasonably certain will be realized."  *Masco Contractor Services East, Inc. v. Beals*, 279 F. Supp. 2d 699, 710 (E.D. Va. 2003)(quoting *Levine v. McLeskey*, 881 F. Supp. 1030, 1057 (E.D. Va. 1995), aff'd in part, vacated in part, 164 F.3d 210 (4th Cir. 1998)).  The "expectancy of remaining in business is too general to support a tortious interference claim."  *Id.*  Here, Plaintiff states that his purported expectancy was the "expectancy of employment with other companies for probably future economic benefit."  Pl.'s Sec. Am. Compl. at ¶ 51.  Plaintiff, however, fails to identify any specific company with which he might be employed in the future.  The failure to allege "any specific, existing economic interest is fatal to the claim."  *Masco*, 279 F. Supp. at 709.  Thus, because Plaintiff has failed to allege improper methods and to state a specific expectancy of future economic benefit, the Court will dismiss Count V as to Inova.

15

**IV.  Conclusion**

For these reasons, the Court will grant Inova's Motion to Dismiss Plaintiff's Second Amended Complaint in its entirety as to Inova.

An appropriate Order will issue.


April 28, 2008                     _____/s/_____
Alexandria, Virginia                        James C. Cacheris
                                   UNITED STATES DISTRICT COURT JUDGE