IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

PATRICK MANSFIELD, M.D.,      )
                              )
     Plaintiff,               )
                              )
          v.                  )     1:07cv941 (JCC)
                              )
ANESTHESIA ASSOCIATES, LTD.,  )
et al.,                       )
                              )
     Defendants.              )

**M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Plaintiff's Motion for Reconsideration and Motion for Leave to Amend His Exhibit List.  For the following reasons, the Court will deny both motions.

**I. Background**

Plaintiff Patrick Mansfield, M.D. ("Plaintiff") is a sixty-five (65) year-old African-American physician and Board Certified anesthesiologist who has practiced medicine in Virginia for more than twenty-five (25) years.  For much of that time, Plaintiff was a shareholder and director of Defendant Anesthesia Associates, Ltd. ("AAL").  In September 1998, Plaintiff signed the Employment Agreement for Shareholder-Physicians ("Agreement"), which covered his employment relationship with AAL.  The Agreement stated that, upon the approval of 75% of AAL's then-current shareholders, AAL could terminate the

1

Agreement at any time by providing the physician with ninety (90) days' prior notice.

AAL provided anesthesia services to Inova Alexandria Hospital ("Inova"), which was AAL's sole client. In March of 2003, AAL and Inova entered into an Anesthesia Services Contract ("Service Contract"). Section 12 of the Service Contract governed Inova's termination of AAL's contract, and permitted Inova to cancel the Service Contract for cause or without cause, on 90 days' notice. The Service Contract also gave Inova the right to require that every doctor working for AAL be reasonably acceptable to Inova's Administrator.

In June 2005, Inova told Defendant Dr. Reed S. Underwood, M.D. ("Dr. Underwood"), who at the time was Chairman of Inova's Anesthesia Department and a shareholder and director of AAL, that it had received a complaint accusing Plaintiff of sexually harassing one of Inova's female employees. Dr. Underwood informed Plaintiff of this complaint on June 17, 2005. He then accompanied Plaintiff to Inova's Human Resources Department where Plaintiff was questioned regarding the alleged sexual harassment.

On June 30, 2005, Dr. Underwood and Defendants Dr. Robert D. Zurowski, M.D. ("Dr. Zurowski") and Dr. Chad F. Hanes,

M.D. ("Dr. Hanes")[1] (collectively, with AAL, "Defendants") met
with Kenneth Kozloff ("Kozloff"), Senior Vice President and
Administrator for Inova, as well as a representative from Inova's
Human Resource Department.  At this meeting, Inova informed
Defendants that it had investigated the incident involving
Plaintiff and concluded that the alleged sexual harassment had in
fact occurred.  In support of its conclusion, Inova indicated
that it had statements from ten to twelve women, but refused to
divulge their identities.  Inova then informed Defendants that
Plaintiff could not return to Inova because it believed that he
was a threat to the safety and security of Inova's employees.
Kozloff reiterated Inova's position in a letter dated July 1,
2005.

        AAL believed that it would lose the Service Contact
with Inova if it permitted Plaintiff to return to Inova.
Therefore, on July 5, 2005, Drs. Underwood, Zurowski, Hanes, and
David A. Spencer, M.D. ("Dr. Spencer") met with Plaintiff and
showed him a copy of Kozloff's July 1, 2005 letter.  Defendants
then asked Plaintiff to resign.  When Plaintiff refused,
Defendants suspended him without pay.  Because Inova was AAL's
only client, and Plaintiff could not return to Inova, Plaintiff
could not perform any services for AAL.

---

[1] Drs. Zurowski and Hanes, like Dr. Underwood, were also shareholders
and directors of AAL.

3

By letter dated August 2, 2005, AAL informed Plaintiff and the other directors that it intended to hold a director's meeting on August 23, 2005.  At that meeting AAL was to consider the termination of Plaintiff's employment and to decide whether to ratify its prior decision to place Plaintiff on unpaid leave. On August 23, 2005, AAL's directors met and voted unanimously to terminate Plaintiff "without cause" under the terms of his Agreement that allowed AAL to terminate Plaintiff with 90-days' notice and pay.  The directors also voted unanimously to ratify Plaintiff's previous suspension.  AAL then notified Plaintiff of its decision in a letter dated September 3, 2005.

On August 22, 2007, Plaintiff filed a Complaint in the Circuit Court for the City of Alexandria against Defendants, Dr. Spencer, Inova, and Kozloff seeking compensatory and punitive damages for violation of 42 U.S.C. § 1981 and Va. Code §§ 18.2-499 and -500, breach of contract, and tortious interference with contract.  On September 17, 2007, Inova filed a demurrer in the Circuit Court for the City of Alexandria.  That same day, Defendants timely filed a Notice of Removal of Civil Action with this Court and the Alexandria Circuit Court, effectively removing the case to this Court.  Plaintiff objected to removal and moved to remand, but this Court denied that objection on December 18, 2007.

On January 8, 2008, Inova filed a Motion to Dismiss all

4

of Plaintiff's claims against it.  After appearing with new
counsel, Plaintiff was given two opportunities to amend his
Complaint, which he did on February 8, 2008 and again on March
17, 2008.  Plaintiff's Second Amended Complaint contained the
four original claims, plus a claim for tortious interference with
economic opportunities.  On March 24, 2008, Defendants answered
Plaintiff's Second Amended Complaint.  Then, on April 28, 2008,
the Court granted Inova's Motion to Dismiss.  Defendants filed a
Motion for Summary Judgment on July 14, 2008.  Two days later,
they filed a Revised Answer, which included a request by AAL for
attorneys' fees and costs incurred in defense of Plaintiff's
breach of contract claim.  On July 18, 2008, Plaintiff filed a
Motion to Strike Defendants' Revised Answer.  On July 31, 2008,
Defendants filed a Motion for Leave to File a Revised Answer.

The Court granted Defendants' Motion for Summary
Judgment in an Order dated August 8, 2008.  The same Order
granted Defendants' Motion for Leave to File a Revised Answer,
denied Plaintiff's Motion to Strike as moot, and dismissed
without prejudice the claims against two other individuals named
in the suit.  On August 29, more than 20 days later, Plaintiff
filed a Motion to Reconsider and a Motion for Leave to Amend His
Exhibit List.  These motions are before the Court.

## II.  Standard of Review

In order to obtain relief under Rule 60(b), a party

must first demonstrate timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances. *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993)(citing *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)).  Once a party has made this threshold showing, he must then proceed to satisfy one of the six grounds for relief enumerated in Rule 60(b).  *Id.* (citing *Werner*, 731 F.2d at 207).  These grounds include:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).  To succeed on a Rule 60(b) motion, these grounds "must be clearly substantiated by adequate proof" to the satisfaction of the district court.  *In re Burnley*, 988 F.2d 1, 3 (4th Cir. 1992) (internal quotations omitted).

A Rule 60(b) motion is committed to the sound discretion of the district court.  *August Fiberglass Coatings, Inc. v. Fodor Contracting Corp.*, 843 F.2d 808, 810 (4th Cir. 1988) (quoting *Park Corp. v. Lexington Ins. Co.*, 812 F.2d 894, 896 (4th Cir. 1984)).

## III. Analysis

A. <u>Motion to Reconsider</u>

Plaintiff asks this Court to reconsider its decision granting summary judgment in light of a document (the "Letter") now in his possession, stating that, as of August 18, 2005, his status with Inova had not changed.  While Plaintiff calls the Letter newly-discovered evidence and claims he was unaware of its existence, Defendants have shown that it was, in fact, in his former counsel's possession, in his own possession, and was produced to his new counsel before Inova filed its motion to dismiss.  Def.'s Mem. in Opp'n to Pl.'s Mot. for Leave to Amend at 1-2; Exs. 1-4.

Plaintiff suggests the Letter shows that he was in fact allowed into Inova after the alleged harassment incidents, and so Defendants' stated reason for firing him was untrue.  In light of these alleged facts, Plaintiff suggests that the evidence he presented was sufficient to withstand a motion for summary judgment.  Pl.'s Mot. for Recons. at 1-2.  Plaintiff also asks the Court to reconsider its determination that Defendants did not breach their contract with him.  *Id*. at 5.  The Court will do neither.  Although we will deny Plaintiff's motions under the Federal Rules of Civil Procedure, we note that Plaintiff's substantive arguments also lack merit.

7

Plaintiff filed his Motion to Reconsider twenty-one days after this Court entered its Order granting summary judgment against him.  A court cannot consider a Motion to Reconsider filed more than ten days after the entry of judgment under Rule 59(e), which allows a party to file a Motion to Alter or Amend a Judgment.  *See* Fed. R. Civ. P. 6(b)(2) ("[a] court must not extend the time to act under Rule[] . . . 59(e)).  Thus, we will treat Plaintiff's Motion as one filed under Rule 60(b).[2]  *See In re Burnley*, 988 F.2d 1, 3 (1992); *see also McCrady v. Elliott*, 2007 WL 1029114 at *1 (W.D. Va. 2007) (treating a motion to reconsider as a Rule 60(b) motion when filed more than ten days after entry of judgment).

In order to obtain relief under Rule 60(b), a party must first demonstrate timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances.  *Dowell v. State Farm Fire & Cas. Auto. Ins. Co.*, 993 F.2d 46, 48 (4th Cir. 1993) (citing *Werner v. Carbo*, 731 F.2d 204, 207 (4th Cir. 1984)).  Plaintiff has not shown exceptional circumstances for this Court to reconsider its earlier decision. Plaintiff also has not shown that he had a meritorious case under *Dowell* and *Compton v. Alton S.S. Co., Inc.*, 608 F.2d 96, 102 (4th

---

[2] Plaintiff seeks reconsideration in light of what he calls new evidence.  He also asks the Court to reconsider its legal conclusions as to his breach of contract claim.  We note that other circuits have treated motions asking the court to modify its decision because of an erroneous legal result only under Rule 59(e).  *See, e.g., Rodriguez-Antuna v. Chase Manhattan Bank Corp.*, 871 F.2d 1, 2-3 (1st Cir. P.R. 1989).

Cir. 1979) (requiring a Rule 60(b) movant to show "a meritorious defense against the claim on which judgment was entered" as a threshold requirement to relief).

Moreover, even if Plaintiff could satisfy this threshold inquiry, he could not show any of the six grounds that would allow the Court to relieve him from judgment under Rule 60(b).  Subsections 3 (fraud, misrepresentation or misconduct), 4 (judgment is void), and 5 (judgment has been satisfied, etc.) do not apply.  Fed. R. Civ. P. 60(b).  Plaintiff also has shown no "mistake, inadvertence, surprise, or excusable neglect," and this Court finds no other reason that would justify relief under Rule 60(b)(6).  Fed. R. Civ. P. 60(b)(1), (6).  The only issue Plaintiff raises is the Letter, which he characterizes as newly discovered evidence.  Rule 60(b)(2) allows the court to grant relief where there exists "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b)."

Here, the "newly discovered evidence" was in the hands of Plaintiff's counsel, Gerald Poindexter, well before the motion for summary judgment.  A party is considered to have notice of all facts of which his attorney has notice.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 634 (1962); *see also Vial v. Lappin*, 178 F.3d 1288 (Table), 1999 WL 274109 (4th Cir. 1999).  Plaintiff's attorney was in possession of the Letter more than three years

9

ago.  Pl.'s Mot. for Recons. at 1-2.  Even if Mr. Poindexter no

longer represents Plaintiff, he represented Plaintiff at the time

he received the Letter; at that time, Plaintiff had constructive

possession.  Defendants have brought to light additional

information concerning the Letter.  They produced it to

Plaintiff's current co-counsel, Christopher Brown, on June 12,

2008.  Def.'s Mem. in Opp'n to Pl.'s Mot. for Leave to Amend at

1; Exs. 3-4.  Moreover, Plaintiff had actual possession of the

letter: he personally mailed a copy of it to his colleagues on

August 22, 2005.  *Id*. at 1-2; Exs. 2-3.  This Motion lacks any

merit whatsoever.  The evidence is not "newly discovered."

Plaintiff's Motion for Reconsideration fails under Rule 60.

    B. <u>Motion For Leave to Amend Exhibit List</u>

       Plaintiff also moves this Court for leave to amend his

exhibit list to include the Letter.  In light of our denial of

Plaintiff's attempt to re-open this case, there is no reason to

amend the exhibit list.  Plaintiff's request will be denied.

### IV.  Conclusion

For these reasons, the Court will deny Plaintiff's Motion for Reconsideration and Plaintiff's Motion for Leave to Amend His Exhibit List.

An appropriate Order will issue.


October 1, 2008                         _____/s/_____
Alexandria, Virginia                         James C. Cacheris
                                    UNITED STATES DISTRICT COURT JUDGE